■ In the Matter of BEVERLY J. SHOENFELT, Also Known as BEVERLY J. MOORE, Respondent, v. VICTOR LOWNES, III, Appellant.— Order entered June 17, 1966, granting respondent's motion to vacate orders (1) of filiation, (2) awarding counsel fees, (3) granting judgment to the petitioner for $9,989.67, and to dismiss the proceeding on jurisdictional grounds to the extent of opening the order of filiation and conditionally ordering a trial of the issue of filiation, and referring petitioner's cross motion for judgment for arrears in support payments to the trial court on the issue of filiation, unanimously modified, on the law and on the facts, to the extent of ordering a hearing on all the issues including jurisdiction and filiation, and, as so modified, affirmed, without costs or disbursements. The issues on jurisdiction should be heard and findings made thereon before the trial of the issue of filiation. The bond in

the sum of $16,491.23 provided for in the order of June 17, 1966 is restored. It is noted, however, that the power to award reimbursable expenses and counsel fees in this proceeding is limited to those incurred in this proceeding (and does not include those incurred in any other) and to the usual maternal and infant expenses allowable under the statute (Family Ct. Act, §§ 536, 545). We do not reach the other questions of the amount of support or counsel fees and there is to be no inference drawn from the restoration of the amount of bond required by the Family Court relative to the amounts of support, reimbursable expenses and counsel fees. Implicit in our prior determination (24 A D 2d 443) was the due process requirement of a hearing on the issues of jurisdiction, both in personam and subject matter. Concur — Botein, P. J., Breitel, McNally, Steuer and Capozzoli, JJ.